UNITED STATES DISTRICT COURT
for the
Eastern District of California

FILED
Jan 29, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

United States of America )
v. )
) Case No. 2:26-mj-0011 AC
)
JEFFREY ALAN KOEHL )
)
)

*Defendant(s)*

# CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of February 11, 2008 in the county of Placer in the Eastern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) and (e) | Sexual Exploitation or Attempted Sexual Exploitation of a Minor |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

/s/ Nicholas Walter
*Complainant's signature*

TFO Nicholas Walter, FBI
*Printed name and title*

Sworn to me and signed via telephone.

*Allison Claire (signature)*

Date: January 29, 2026

*Judge's signature*

City and state: Sacramento, California      Allison Claire, U.S. Magistrate Judge
*Printed name and title*

ERIC GRANT
United States Attorney
DHRUV M. SHARMA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY ALAN KOEHL,<br><br>Defendant. | CASE NO.<br><br>AFFIDAVIT |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

### INTRODUCTION

I, Nicholas Walter, having been first duly sworn, do hereby depose and state as follows:

1.  I make this affidavit in support of and to establish probable cause for a criminal complaint charging Jeffrey Alan KOEHL with violations of 18 U.S.C. § 2251(a) and (e) (Sexual Exploitation or Attempted Sexual Exploitation of a Minor) and 18 U.S.C. § 2252(a)(4)(B) (Possession of Child Pornography).  Based on the facts set forth below, I respectfully request that this Court issue a criminal complaint for that charge and a warrant for KOEHL's arrest.

2.  I am and have been employed as a sworn law enforcement officer by the California Highway Patrol (CHP) since December 2014. In January of 2022, I was assigned to be an Investigator with CHP, Computer Crimes Investigation Unit (CCIU). In March 2022, I was cross-designated as a Special Deputy United States Marshal/Task Force Officer (TFO) and assigned to the Cyber Crimes Squad

of the Sacramento Division of the Federal Bureau of Investigation (FBI). As a Special Deputy United States Marshal, I am authorized to enforce federal criminal laws, author affidavits for search warrants, and arrest suspects, among other things.

3. As part of my daily duties as a TFO and Investigator, I investigate criminal violations relating to child exploitation and child pornography (also known as child sexual abuse material or CSAM), or visual depictions of children engaging in sexually explicit conduct, including violations pertaining to the illegal production, distribution, receipt and possession of CSAM, in violation of 18 U.S.C. §§ 2251 and 2252. I have received training in the area of child exploitation and CSAM, and as part of my duties have observed and reviewed numerous examples of CSAM in all forms of media, including computer media. I am authorized to investigate crimes involving the sexual exploitation of children, including the sexual exploitation of children via the Internet. I have been the affiant on multiple search warrants involving child exploitation matters, which led to the arrest of individuals and the seizure of illicit evidence within the Eastern District of California, and have participated in the execution of over 100 federal and state residential search warrants and seized evidence of violations of Title 18, United States Code, Section 2252.

4. As a TFO and Investigator, I have received over 40 hours of additional training from the National White Collar Crime Center, which included training on network intrusion investigations, white collar crime, social media, digital devices and evidence, search and seizure, the stored communications act, online undercover operations, computer networks and encryption. I have attended other trainings to include the following: a 36 hour Computer Crimes High Technology Investigations course, a 10 hour POST Search Warrants for Patrol Officers course, a 40 hour Interview and Interrogation course, a 40 hour Robert Pressley ICI Investigation of Internet Crimes course, an 80 hour Robert Pressley ICI Core Investigators Course, an 80 hour Robert Pressley ICI Homicide Investigators Course, a 40 hour Robert Pressley ICI Core Advanced Gangs Investigation course, a 40 hour Robert Pressley Sexual Assault Investigations course, a 40 hour Robert Pressley Officer Involved Shooting Investigations course, a 40 hour Robert Pressley Child Abuse Investigations course, an 80 hour Department of Justice Advanced Computer Forensics course, an 80 hour Department of Justice Computer Digital Evidence and Recovery course, a 40 hour Cellebrite Certified Operator and Physical Analyzer course, a 32 hour Advanced Cell

Phone Forensics course, and various miscellaneous training courses. These courses have all informed my investigations, in some capacity, into child exploitation matters. I have also attended numerous courses regarding the investigation of child sexual exploitation, CSAM, and online child sexual exploitation. In the course of my duties, I have been the investigating officer and Affiant of at least 20 applications for search warrants relating to CSAM or child exploitation investigations.

5.   Based upon the information set forth below, there is probable cause to believe that JEFFREY ALAN KOEHL has violated 18 U.S.C § 2251(a) and (e) (production and attempted production of child pornography) and 18 U.S.C. § 2252(a)(4)(B) (possession of child pornography). The statements contained in this Affidavit are based in part on: information provided by other law enforcement agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; investigations I have participated in; and my experience, training and background as a TFO with the FBI. Because this Affidavit is being submitted for the limited purpose of securing an arrest warrant for KOEHL, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish the foundation and probable cause for the requested arrest warrant. This investigation pertains to child exploitation crimes and is ongoing and evolving. My understanding of the facts and circumstances presented within this affidavit may change over time, especially when considered in light of other evidence gathered during the investigation.

**PROBABLE CAUSE**

6.   Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 2251(a) and (e), relating to production of CSAM, and 18 U.S.C. § 2252(a)(4)(B), relating to possession of CSAM, have been committed by Jeffrey Alan KOEHL, date of birth November 2, 1965.

7.   On January 21, 2025, victim SMM[1] submitted an online tip which was received by the FBI National Threat Operations Center (NTOC) regarding the sexual exploitation of minors. SMM is KOEHL's stepdaughter and is an adult. In the tip, SMM described that she understood that KOEHL

---

1 I am aware of SMM's full name and date of birth, but am not including it in this affidavit to protect the confidentiality of this investigation at an early stage and the identity of a victim.

possessed a hard drive that contained hidden camera videos of children masturbating in the bathroom and other areas of a house that they lived at in Roseville when they were children.

8. On March 20, 2025, I became aware that Reno Police Department (Reno PD) was actively working an investigation into KOEHL and was in possession of a hard drive that belonged to KOEHL. Reno PD Detective BRADY was assigned to the case.

9. On April 2, 2025, I called SMM to obtain some follow-up information from her NTOC submission. SMM stated she had lived in the Roseville area from the time she was three years old until she was approximately 23 years old. SMM said her mother, J.K., married KOEHL in 2007 when SMM was approximately seven years old. SMM told me that KOEHL was arrested by the Reno PD for domestic violence around Christmas time in 2024 but was released in January 2025. SMM related that while KOEHL was in custody, he called his daughter Z.K.[2], a minor, and told Z.K. that there was a hard drive in a box under his bed and he needed her to retrieve it and hide it. According to SMM, Z.K. became concerned about the request from KOEHL and called her other half-sister MRM[3] to inform her what had happened. SMM stated MRM became concerned about the hard drive, so MRM contacted Reno PD.

10. When I further asked SMM about living with KOEHL in Roseville, she stated that during the time that SMM lived with KOEHL, he had taught her how to masturbate using a handheld shower head and encouraged her to do it so she would not be interested in having sex. SMM said KOEHL purchased her a vibrator and encouraged her to use that as well.

11. On April 8, 2025, I called MRM and interviewed her telephonically. MRM stated that KOEHL was arrested for domestic violence by Reno PD around Christmas in 2024. MRM related that she received a call from Z.K., on January 11, 2025, with Z.K. saying she had received a phone call from KOEHL asking her to hide the hard drive. Z.K. mentioned something about the hard drive to her mother J.K., and J.K. asked Z.K. to retrieve the hard drive so they could view it together. Z.K. related to MRM that she saw videos of both SMM and MRM from when they were young, and both SMM and MRM were

---

[2] I am aware of Z.K.'s full name and date of birth, but am not including it in this affidavit to protect the confidentiality of this investigation at an early stage and the identity of a minor.

[3] I am aware of MRM's full name and date of birth, but am not including it in this affidavit to protect the confidentiality of this investigation at an early stage and the identity of a victim.

1  masturbating in the videos. Z.K. became upset, and that is when she called MRM. MRM then contacted
2  Reno PD, which dispatched a patrol unit to go retrieve the hard drive from J.K.'s residence.

3      12.    A couple weeks later, J.K. was moving out of her residence with the assistance of her
4  parents when she made a comment to them about two boxes which she stated belonged to KOEHL. J.K.
5  stated that if the contents of the boxes were to be discovered by law enforcement, KOEHL would "go
6  away for a long time". J.K.'s father contacted MRM about the comment, and MRM contacted Reno PD
7  to respond to the residence and take possession of the two boxes. Reno PD took possession of the boxes
8  on January 20, 2025. Within plain view upon opening the boxes, they appeared to contain multiple bags
9  containing camcorders, tapes for the camcorders, hard drives, CD's and DVD's, and VHS tapes.

10     13.    MRM stated to me that she and SMM moved to Roseville, CA, in 2005 with KOEHL and
11 their mother. MRM sent me yearbook photos of her elementary school in the Roseville area, which
12 contained photos of both herself and SMM.

13     14.    On April 24, 2025, I contacted Reno PD Detective BRADY to obtain additional
14 information regarding the hard drive and the boxes collected from the residence. BRADY stated he had
15 obtained a search warrant from Washoe County, Nevada, to search the hard drive, a Seagate 5TB External
16 Hard Drives, signed by a Washoe County Judge.

17     15.    BRADY stated he manually went through the data on the hard drive and located thousands
18 of pictures and videos of underage girls completely nude and masturbating. BRADY stated many of the
19 images appear to be taken while the girls are in the bathroom, surreptitiously recorded on a device planted
20 in the bathroom. BRADY created screenshots from the videos of the girls' faces and sent them to both
21 MRM and SMM; both confirmed that the screenshots appeared to contain images of them when they were
22 minors.

23     16.    BRADY sent me a copy of the Reno PD report of what was discovered on the hard drive
24 that was searched pursuant to valid state search warrant. I reviewed the report, and there are multiple
25 summaries of videos discovered on the hard drive of both SMM and MRM as well as other unidentified
26 minor females masturbating in the shower and in a bedroom. The CSAM appears to have been created
27 by KOEHL by means of a surreptitious recording device. Sample descriptions of the CSAM described in
28 the report are as follows:

AFFIDAVIT                  5

A.  In a folder named "JenniferJill: Make Money online: SMM":

1.  There were several videos that appeared to be recorded from a secret hidden camera of SMM, when she was less than 18 years old, in the nude and masturbating with either a showerhead or a vibrator.

B.  In a folder named "JenniferJill: Make Money online: SMM&SC":

1.  There was a video labeled "SMM - Kissing Shower Glass - 5-25-09" that showed minor SMM nude in a shower with double glass doors. She was holding the removable showerhead on her vagina as she was kissing the glass door. It appears she was using this as a form of masturbation. There was a laptop on the counter with an open screen facing SMM. It is unknown what was playing on the laptop at the time the hidden camera was recording. At the time of the "5-25-09" date listed in the title of the video, SMM was 12 years-old.

2.  There was a video listed as "SMM - Masterbate with Bullet - 5-28-09" in which a minor SMM is sitting/lying on her back in a bathroom, wearing a yellow shirt, with no clothes on below her waist. She is using a small vibrator on her exposed vagina for a couple minutes before she places the small silver color vibrator with a cord attached to a battery pack on the counter by the sink. She then takes off her shirt and bra before she gets into the shower. The video appears to be from a hidden camera in a bathroom with two glass shower doors. There was also a video labeled "SMM -Shower Massage when 12" that shows a minor SMM nude in a shower with two glass doors. She is squatting down holding the removable showerhead on her vagina as a form of masturbation.

C.  In a folder named "Movies: Videos - Various Formats":

1.        There are two videos that show SMM and a female later determined to be SC[4] (according to SMM) using a white "Magic Wand" vibrator on their exposed vaginas as a means of masturbation in a bedroom. These videos appear to be from a hidden camera in the corner of a bedroom. These videos were listed as "[SC] Vib2" and "[SC] Vibrator." Both SMM and SC are minors in this video.

D.  In a folder named "Movies":

1.        There is a video that captures SMM nude in a shower. The video is date stamped February 11, 2008, when SMM would have been 11-years old. In the video, a man's voice can be heard telling SMM to turn around as he moves the camera downward focusing on her buttocks, then he tells her to turn the other way. Based on having listened to recorded calls between KOEHL and Z.K., I believe the man's voice is KOEHL's. As SMM turns around, KOEHL zooms in the camera on her vagina and her pubic hair. He then zooms the camera out as he scans up with the camera, on her exposed breasts, and her face. He again tells her to turn around. She turns away from him, and he tells her to turn the other way again. When she is facing him, he again moves the camera down and zooms in the image onto her vagina and pubic hair. He then tells SMM, "You have pretty nice boobies." SMM responds, "I know." KOEHL then tells SMM, "You're going to be hot someday [SMM]."

E.  In a folder named "JenniferJill: Make Money online: MRM: MRM":

1.        There are several videos that show a minor MRM nude in the shower. All videos appear to be taken from a hidden camera and some of the videos are labelled with dates confirming MRM's minor age.

17.     In the Reno PD report, BRADY stated he located several indicia of KOEHL's ownership of the hard drive, such as a photo of his California Driver License, a picture of his W-2, and a picture of mail addressed to him, and the drive is entitled "Jeff's Storage". Other videos on the hard drive also captured audio of what I believe to be KOEHL's voice as he interacted with various members of his family, including one where MRM identifies him as "Jeff."

18.     BRADY also provided me with jail phone calls between KOEHL and Z.K. beginning six

---

[4] I am aware of SC's full name and date of birth, but am not including it in this affidavit to protect the confidentiality of this investigation at an early stage and the identity of a victim.

AFFIDAVIT       7

days after he was in custody for the Reno domestic violence incident. KOEHL is heard instructing Z.K. to retrieve a hard drive from under the mattress on his side of the bed, corroborating what was told to me by SMM.

19. On September 26, 2025, I obtained a federal search warrant 2:25-sw-0829-CSK (which is still under seal) to review the hard drive and other devices seized by Reno PD. Upon execution of the federal search warrant, I forensically imaged the 5TB Seagate branded external hard drive and processed it for further analysis. Upon analysis, I located indicia of the hard drive belonging to KOEHL to include photos of his California Driver License and confirmed the hard drive was named "Jeff's Storage".

20. While conducting further analysis of the Seagate hard drive, I located all the files described by BRADY and described herein and confirmed the descriptions to be accurate.

21. I also determined that the Seagate hard drive had been manufactured in Thailand.

## CHARGES

22. Based on the evidence recovered and discussed in the affidavit, there is probable cause to believe that KOEHL used, or attempted to use, several minors, including SMM, MRM and SC, to engage in sexually explicit conduct on February 11, 2008, and other dates, for the purpose of producing a visual depiction of such conduct, that the visual depictions of such conduct had been produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce. There is further probable cause to believe that, on those same dates, KOEHL knowingly possessed matters that contained visual depictions of minors engaged in sexually explicit conduct that had been produced using materials which have been mailed or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

## CONCLUSION

23. Based on the foregoing, there is probable cause to believe that JEFFREY ALAN KOEHL has committed, or attempted to commit, the crime of Sexual Exploitation of Children, in violation of 18 U.S.C § 2251(a) and (e), and the crime of possession of CSAM, in violation of 2252(a)(4)(B).

24. I request that the Court issue an arrest warrant for JEFFREY ALAN KOEHL.

I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

**REQUEST FOR SEALING**

I respectfully request that this Court issue an order sealing, until further order of the Court, the Complaint, Complaint affidavit, and Arrest Warrant. I believe that sealing these documents is necessary to prevent potential destruction of evidence and enable a safe arrest. Premature disclosure of the contents of this affidavit and related documents may have a negative impact on the investigation.

/s/ Nicholas Walter
Task Force Officer Nicholas Walter
Federal Bureau of Investigation

Subscribed and sworn to before me on: January 29, 2026 by telephone pursuant to Fed. R. Crim. P. 41(d)(3).

Honorable ALLISON CLAIRE
United States Magistrate Judge
Eastern District of California
Sacramento, California

APPROVED AS TO FORM BY:

/s/ Dhruv M. Sharma
DHRUV M. SHARMA
ASSISTANT UNITED STATES ATTORNEY

AFFIDAVIT                                          9

### United States v. JEFFREY ALAN KOEHL
### Penalties for Criminal Complaint

| | |
|---|---|
| VIOLATION: | 18 U.S.C. § 2251(a) and (e) – Sexual Exploitation or Attempted Sexual Exploitation of a Minor |
| PENALTIES: | Mandatory minimum of 15 years in prison and a maximum of 30 years in prison;<br>Fine of up to $250,000;<br>Supervised release of at least 5 years up to life (18 U.S.C. 3583(k));<br>Forfeiture;<br>Mandatory Restitution for victims (18 U.S.C. §§ 2259 and 3663); and<br>Special Assessment: $100 (18 U.S.C. § 3013) |
| VIOLATION: | 18 U.S.C. § 2252(a)(4)(B) – Possession of Child Pornography |
| PENALTIES: | A maximum of 20 years in prison;<br>Fine of up to $250,000;<br>Supervised release of at least 5 years up to life (18 U.S.C. 3583(k));<br>Forfeiture;<br>Mandatory Restitution for victims (18 U.S.C. §§ 2259 and 3663); and<br>Special Assessment: $100 (18 U.S.C. § 3013)<br>Special assessment of no more than $17,000 (18 U.S.C. § 2259A) |